## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BRIAN MADDOX,** | **Civil Action No.  22-938 (FLW)** |
| **Plaintiff,** | |
| **v.** | **MEMORANDUM & ORDER** |
| **SGT. MENDOZA, et al.,** | |
| **Defendants.** | |

Plaintiff Brian Maddox, currently confined at New Jersey State Prison, seeks to bring this civil action *in forma pauperis*, without prepayment of fees or security, asserting claims pursuant to 42 U.S.C. § 1983.  On April 12, 2022, Plaintiff submitted a complete application to proceed *in forma pauperis* ("IFP application").  At this time, the Court grants Plaintiff's IFP application. *See* 28 U.S.C. § 1915.

Pursuant to the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e.  The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."  *Schreane v. Seana*, 506 F. App'x. 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x.

230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x. 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A). Plaintiff's Complaint is subject to the Court's screening authority under § 1915(e)(2)(B).

Plaintiff's alleges that, approximately one year ago, his legal mail was delivered to him by an inmate, which he "chalked up as a mistake." Complaint at 5. Plaintiff contacted the mailroom supervisor Sgt. Mendoza, and Sgt. Mendoza told him the matter would be addressed. *Id.*

Plaintiff alleges that he has complained on numerous occasions about his outgoing mail being opened and read prior to being sent out to his family and his attorney. *Id.* at 6. Plaintiff further alleges that he attempted to address the issue with Sgt. Mendoza, who allegedly told Plaintiff he was pestering him and that he knew how to do his job. *Id.* Sgt. Mendoza also allegedly stated that he did not "give a 'fuck'" about Plaintiff's mail." *Id.* Plaintiff also alleges that his attorney was concerned about Plaintiff's failure to comply with certain court orders, but Plaintiff alleges he did not receive the court orders. *See id.* Plaintiff also contends that his outgoing mail to his family was opened and stapled together when his family received it. *See id.* Plaintiff alleges that he has kept a record of the legal and personal mail incidents since they started occurring on or about December 18, 2020. *See id.* Plaintiff believes these incidents are occurring because he is an out of state prisoner. *See id.*

In addition to Sgt. Mendoza, Plaintiff has sued Sgt. Mendoza's supervisor, Major Sears. Plaintiff alleges that Major Sears was notified of Sgt. Mendoza's alleged interference with Plaintiff's legal mail and allowed it to continue. *See* Complaint at 4. Plaintiff has sued Sgt. Mendoza, Major Sears, and New Jersey State Prison, and he seeks injunctive relief as well as monetary damages. *See id.* at 6-7.

The Court construes Plaintiff to allege violations of his First Amendment rights pursuant to 42 U.S.C. § 1983.  Section 1983 imposes liability on "[e]very person who, under color of [State law] ... subjects ... any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights ... secured by the Constitution and laws."  42 U.S.C. § 1983.  It is well established that that the state and state entities are not persons under § 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64 (1989); *Valle v. Bayside State Prison*, No. CIV 10–0614 JBS, 2010 WL 5141731, at *2 (D.N.J. Dec.9, 2010) (citing *Grabow v. Southern State Correctional Facility*, 726 F. Supp. 537, 538–39 (D.N.J.1989) (New Jersey Department of Corrections and state prison facilities are not "persons" under § 1983)).  The Court dismisses <u>with prejudice</u> the §1983 claims against New Jersey State Prison, as this Defendant is a state entity and is not a person under 42 U.S.C. §1983.

The Court next addresses the claims against Sgt. Mendoza and Major Sears and construes Plaintiff to allege that these Defendants have interfered with his legal and personal mail in violation of the First Amendment.[1]  "[P]risoners, by virtue of their incarceration, do not forego their First Amendment right to the use of the mails."  *Nixon v. Sec'y Pennsylvania Dep't of Corr.*, 501 F. App'x 176, 177 (3d Cir. 2012) (quoting *Jones v. Brown*, 461 F.3d 353, 358 (3d Cir. 2006)).  An inmate's right to send and receive mail can, however, be restricted for legitimate penological purposes.  *Id.*; *see also Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989); *Turner v. Safley*, 482 U.S. 78, 89 (1987).

Courts have held that "[l]egitimate penological objectives exist for opening and examining [prisoners'] non-legal mail."  *Higgs v. Suey*, Civil No. 07–5158, 2008 WL 699594, at

---

[1] The Court does not construe Plaintiff to sue these Defendants in their official capacities for <u>damages</u>, as such claims would also be subject to dismissal with prejudice.

*6 (D.N.J. Mar. 12, 2008) (citing *Dean v. Johnson*, 381 F. Supp. 495 (D.C. Pa.1974) (stating that unlike prisoner's right to correspond with courts or counsel, prisoner's right to mail personal letters to family and friends is not absolute).

The opening of <u>legal mail</u> outside the presence of the inmate, however, implicates the First Amendment.[2]  *See Fontroy v. Beard*, 559 F.3d 173, 174–75 (3d Cir. 2009) (citing *Jones*, 461 F.3d at 355) (holding that "state prisoners have an interest protected by the First Amendment in being present when their incoming legal mail is opened.").  The Third Circuit has "recognized a cause of action to address "[a] state pattern and practice ... of opening legal mail outside the presence of the addressee inmate," because such a practice "interferes with protected communications, strips those protected communications of their confidentiality, and accordingly impinges upon the inmate's right to freedom of speech." *Diaz v. Palakovich*, 448 F. App'x. 211, 215 (3d Cir. 2011) (citing *Jones*, 461 F.3d at 359) (reaffirming the holding of *Bieregu v. Reno*, 59 F.3d 1445, 1458 (3d Cir. 1995)).  Allegations that legal mail is intentionally opened and read, delayed for an inordinate period of time, or stolen may also state a First Amendment claim. *McLeod v. Monmouth Cty. Corr. Inst.*, No. CIV.A. 05-4710 (AET), 2006 WL 572346, at *3 (D.N.J. Mar. 8, 2006) (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1431-32 (7th Cir. 1996)); *Castillo v. Cook County Mail Room Dep't*, 990 F.2d 304 (7th Cir. 1993)); *Thompson v. Hayman*, No. 09-1833, 2011 WL 2652185, at *5 (D.N.J. July 6, 2011) (opening outside of the prisoner's

---

[2] As noted above, a prison policy that impinges on inmates' First Amendment rights and results in the opening of legal mail outside the presence of a prisoner will nevertheless pass constitutional muster if the policy is "reasonably related to legitimate penological interests[.]" *Fontroy v. Beard*, 559 F.3d 174 (3d Cir. 2009) (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)). The Court does not construe Plaintiff to allege that the opening of his legal and personal mail is pursuant to an unconstitutional NJSP policy, as Plaintiff does not allege any facts to suggest this theory of liability.

presence, reading, delaying, or stealing a prisoner's legal mail violates a prisoner's First Amendment rights).

Prisoners need not allege or prove any "actual injury" beyond direct injury to their First Amendment right to use the mails. *Taylor v. Oney*, 196 F. App'x. 126, 128 (3d Cir. 2006). Courts, however, have found that mere isolated incidents of interference without evidence of an improper motive, are insufficient to establish a First Amendment violation. *See, e.g. Nixon v. Sec'y Pa. Dep't of Corr.*, 501 F. App'x 176, 178 (3d Cir. 2012) ("[T]he District Court correctly determined that Nixon's claim alleging a single, isolated interference with his personal mail was insufficient to constitute a first Amendment violation."); *Fuentes v. State of New Jersey Office of Pub. Defs.*, No. CIV.A. 05-3446(FLW), 2006 WL 83108, at *5 (D.N.J. Jan. 11, 2006) ("A single interference with the delivery of an inmate's personal mail, without more, does not rise to the level of a constitutional deprivation.") (citing *Morgan v. Montayne*, 516 F.2d 1367 (2d Cir. 1975), cert. denied, 424 U.S. 973 (1976)).

Here, Plaintiff alleges interference with his legal <u>and</u> personal mail.  Plaintiff, however, does not have a First Amendment right to confidential communications with his family members. As such, Plaintiff's allegations that his personal mail was opened and/or read by prison officials, standing alone, does not state a claim for relief, and the Court dismisses <u>without prejudice</u> the First Amendment § 1983 claim based on the opening of Plaintiff's personal mail.[3]

Plaintiff also alleges that Sgt. Mendoza has interfered with his incoming and outgoing legal mail.  Plaintiff alleges that there have been numerous incidents of interference with his

---

[3] As noted above, there is no indication from the Complaint that the opening of Plaintiff's personal mail is taking place pursuant to an unconstitutional policy at NJSP.  To the extent Plaintiff can provide facts showing that the opening of his personal mail is pursuant to an unconstitutional prison policy, he is free to file a motion to amend his complaint in compliance with Fed. R. Civ. P. 15.

legal mail and that he has kept a record of these incidents. Plaintiff specifically alleges that he did not receive legal mail containing court orders. At this early stage, the Court finds that Plaintiff has sufficiently alleged a pattern or practice of interfering with his legal mail against Sgt. Mendoza in his personal capacity and in his official capacity for injunctive relief.[4]

Plaintiff has also sued Major Sears because he is Sgt. Mendoza's supervisor and because Major Sears "allowed" Sgt. Mendoza to interfere with Plaintiff's legal mail after Major Sears was notified about the issues. "To establish liability under § 1983, each individual defendant 'must have personal involvement in the alleged wrongdoing.'" *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). As such, Major Sears may not be held liable under § 1983 on the basis of *respondeat superior* alone.

As relevant here, a supervisor may be held liable under § 1983 if that supervisor was "involved personally, meaning through personal direction or actual knowledge and acquiescence, in the wrongs alleged." *McKenna v. City of Philadelphia*, 582 F.3d 447, 460 (3d Cir. 2009) (citing *Rode*, 845 F.2d at 1207); *see also A.M. ex rel J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) ("A supervisor may be personally liable ... if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in his subordinates' violations." To sufficiently allege knowledge and acquiescence, a Plaintiff must provide facts suggesting that the Defendant

---

[4] Plaintiff also alleges that his legal mail was delivered by an inmate. Although this incident does not rise to the level of a constitutional violation, it may be part of a pattern or practice of improper mail handling.

6

supervisor "had contemporaneous, personal knowledge of [the alleged violation(s) ] and acquiesced in it." *See Evancho*, 423 F.3d at 353 (explaining that a civil rights complaint "is adequate where it states the conduct, time, place, and persons responsible").  At this early stage, the Court will permit the First Amendment claim to proceed against Major Sears in his personal supervisory capacity on the basis that he had knowledge of Sgt. Mendoza's interference with Plaintiff's legal mail and allowed it to continue.  *See, e.g., Diaz*, 448 F.3d at 215 (vacating summary judgment where there was a factual dispute as to whether supervisory defendants had knowledge of and failed to correct subordinates' pattern or practice of interfering with prisoner's legal mail).

For the reasons explained in this Memorandum and Order, the Court dismisses <u>with prejudice</u> the § 1983 claims against New Jersey State Prison.  The Court dismisses <u>without prejudice</u> Plaintiff's First Amendment § 1983 claims against Sgt. Mendoza and Major Sears arising from their alleged interference with Plaintiff's <u>personal mail</u>.  The Court proceeds Plaintiff's First Amendment legal mail claim against Sgt. Mendoza in his personal capacity for his alleged pattern or practice of interfering with Plaintiff's legal mail.  The Court also proceeds the First Amendment legal mail claim against Major Sears in his personal supervisory capacity based on his knowledge of and acquiescence in Sgt. Mendoza's pattern or practice of interfering with Plaintiff's legal mail.  The Court also proceeds the First Amendment legal mail claim against Sgt. Mendoza and Major Sears in their official capacities for injunctive relief to stop the alleged interference with Plaintiff's legal mail.

**IT IS, THEREFORE**, on this  _1st_  day of  June 2022,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF Nos. 1-2, 2) is hereby GRANTED; and it is further

**ORDERED** that the Complaint shall be filed; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the Administrator of New Jersey State Prison; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its *sua sponte* screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act (PLRA) provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; i.e., Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

**ORDERED** that pursuant to the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B) the Complaint is dismissed in part and proceeded in part as follows:

1.      The § 1983 claims are dismissed <u>with prejudice</u> as to New Jersey State Prison;

2.      The First Amendment § 1983 claims based on the interference with Plaintiff's personal mail are dismissed <u>without prejudice</u> as to Sgt. Mendoza and Major Sears;

3.      The First Amendment § 1983 claim premised on the interference with Plaintiff's legal mail shall PROCEED against Sgt. Mendoza in his personal capacity; and it is further

4.      The First Amendment § 1983 claim premised on Major Sears' knowledge and acquiescence in the alleged interference with Plaintiff's legal mail shall PROCEED against Major Sears in his personal supervisory capacity;

5.      The First Amendment § 1983 claims for injunctive relief may PROCEED against Sgt. Mendoza and Major Sears in their official capacities; and it is further

**ORDERED** that the Clerk of the Court shall provide Plaintiff with a copy of the USM-285 forms for Sgt. Mendoza and Major Sears; and it is further

**ORDERED** that Plaintiff shall complete the forms for Sgt. Mendoza and Major Sears and return the forms to the Clerk of Court, Clarkson S. Fisher Building & U.S. Courthouse, 402 East State Street, Trenton, NJ 08608; and it is further

**ORDERED** that upon Plaintiff's sending of the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the complaint

(ECF No. 1), summons, and this Order upon Defendants pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

**ORDERED** that Defendants shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendant(s), Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service;[5] and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Memorandum and Order via regular mail.

      __s/Freda L. Wolfson____
      Freda L. Wolfson
      U.S. Chief District Judge

---

[5] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.